Singh v. Garland

BIA
Hom, IJ
A206 079 306

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of August, two thousand twenty-two.

PRESENT:
> JOSÉ A. CABRANES,
> DENNY CHIN,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

_____

GURMEET SINGH,
> *Petitioner,*

v.                                          20-1064
                                            NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:            Anas J. Ahmed, Esq., Pannun the
                           Firm, P.C., Jackson Heights, NY.

FOR RESPONDENT:            Madeline Henley, Trial Attorney;
                           Sabatino F. Leo, Assistant

Director, Office of Immigration Litigation, United States Department of Justice, *for* Brian Boynton, Acting Assistant Attorney General, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gurmeet Singh, a native and citizen of India, seeks review of a February 25, 2020 decision of the BIA affirming a June 27, 2018 decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gurmeet Singh,* No. A 206 079 306 (B.I.A. Feb. 25, 2020), *aff'g* No. A 206 079 306 (Immig. Ct. N.Y. City June 27, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We review both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review adverse credibility determinations for substantial evidence, *see Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and treat "the administrative findings of fact [as] conclusive unless

2

any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Singh was not credible as to his claim that members of an opposition political party (the "Congress Party") threatened and assaulted him because of his membership in the Shiromani Akali Dal Amritsar party (the "Mann Party").

The agency reasonably relied on four inconsistencies or omissions. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). First, Singh was inconsistent about when he received threatening telephone calls from Congress Party members. His written statement said he received two telephone calls in June 2012 and was beaten by Congress Party members just over a year later in July 2013; however, he testified that he received the calls in June 2013, then was beaten a month later. When confronted with the discrepancy at his hearing, he changed his testimony to agree with his application. This inconsistency undermines his claim because it calls into question the timeline that Singh gave for the threats and the attack. *See Hong Fei Gao,* 891 F.3d at 79 ("An applicant's testimonial discrepancies . . . must be weighed in light of their significance to the total context of his or her claim of persecution." (internal quotation marks omitted)).

Second, the agency relied on Singh's differing accounts of his beating. Singh testified on direct and confirmed on cross examination that Congress Party members beat him only with their hands, but in his written statement said he was also kicked. During his testimony, he added that he was

4

kicked only when confronted with the discrepancy with the written statement.

Third, Singh testified that the doctor who treated him after the attack did not use bandages because only his nose was bleeding, but the medical certificate he submitted reflected that he was bandaged as part of his treatment. The IJ was not required to accept his explanation that the doctor may have been "talking about . . . heart bandages" for internal injuries because the explanation added injuries not previously alleged and did not identify what was meant by heart bandages. Cert. Admin. Record at 72–73; *see Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

Fourth, the agency did not err in relying on Singh's omission from his written statement that he lost consciousness during or after the beating. *See Singh v. Garland*, 6 F.4th 418, 428 (2d Cir. 2021) ("Whether . . . such statements are inconsistent depends in part on the importance

5

that the omitted fact would have had for the purpose of the earlier telling.")

Taken together, these inconsistencies and omission constitute substantial evidence for the adverse credibility determination because they call into question the timeline of events and the primary allegation of past harm. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6